IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00884-BNB

STEVEN R. WILSON,

    Applicant,

v.

KEVIN MILYARD, Warden, Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Steven R. Wilson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Wilson has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in El Paso County District Court case number 97CR2521. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

In an order filed on May 20, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 9, 2008, Respondents filed their Pre-Answer Response. On June 16, 2008, Mr. Wilson filed a Reply to the Pre-Answer Response. On July 15, 2008, Magistrate Judge Boland granted Mr. Wilson's request to file an amended habeas corpus application. On July 29, 2008, Mr.

Wilson filed two amended applications, one of which was on the Court-approved form for filing a § 2254 action and the second of which only addressed the merits of his asserted claims. On August 18, 2008, Respondents filed an amended Pre-Answer Response asserting that the instant action is barred by the one-year limitation period, that Applicant failed to exhaust state court remedies as to his asserted claims, that certain claims now are procedurally barred, and that one claim fails to assert a federal claim upon which habeas corpus relief can be granted. On August 29, 2008, Mr. Wilson filed an amended Reply.

The Court must construe liberally the amended applications and the amended Reply filed by Mr. Wilson because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Wilson was convicted by a jury in 1999 in El Paso County District Court case number 97CR2521 on eight charges of attempted second-degree murder, first-degree assault, first-degree assault upon a sudden heat of passion, first-degree sexual assault, first-degree criminal trespass, first-degree aggravated motor vehicle theft, second-degree kidnapping, and harassment. The jury found that four counts were crimes of

violence. On April 13, 1999, Mr. Wilson was sentenced to a total of thirty-four years in prison, to be served consecutively.

Mr. Wilson appealed from his convictions and sentences, claiming that his sentences for first-degree sexual assault and second-degree kidnapping should have been imposed concurrently instead of consecutively. On November 30, 2000, the Colorado Court of Appeals affirmed in part, vacated based upon a faulty jury instruction the finding that the second-degree kidnapping count constituted a crime of violence, and remanded the case to the trial court to resentence him for second-degree kidnapping. *See People v. Wilson*, No. 99CA1030 (Colo. Ct. App. Nov. 30, 2000) (not published). On April 23, 2001, the Colorado Supreme Court denied certiorari review. On June 15, 2001, the trial court resentenced Mr. Wilson to a total of twenty-six years in prison. Mr. Wilson did not appeal.

On November 21, 2001, Mr. Wilson filed a motion for sentence reconsideration in the trial court. The motion was filed 159 days after the sentence was entered, beyond the 120-day period allowed under Rule 35(b) of the Colorado Rules of Criminal Procedure. Despite the motion's untimeliness, the trial court considered the merits of the motion, and denied it on December 4, 2001. Mr. Wilson did not appeal.

On February 6, 2002, Mr. Wilson filed a motion titled "Amended Motion to Reconsider," and in March 2002 filed additional supporting documents. The trial court never ruled on the motion. In July and August 2002, Mr. Wilson and his family sent letters to the district court concerning the amended motion. On August 28, 2002, the trial court advised Mr. Wilson in a letter that it already had reconsidered his sentence pursuant to the first Colo. R. Crim. P. 35(b) motion, and that it would not do so again.

On April 14, 2003, and on August 4, 2003, Mr. Wilson filed a motion and supplemental motion respectively pursuant to Colo. R. Crim. P. 35(c) for postconviction relief in the trial court. On April 30, 2004, appointed counsel filed a supplemental motion presenting a claim of ineffective assistance of counsel. On May 27, 2005, following a hearing, the trial court denied the motion. On September 20, 2007, the Colorado Court of Appeals affirmed. On March 17, 2008, certiorari review was denied.

Mr. Wilson submitted his original application to the Court on April 18, 2008. The application was filed on April 29, 2008. As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been

4

> discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Pursuant to Rule 4(b) of the Colorado Rules of Appellate Procedure, Mr. Wilson had forty-five days to file a notice of appeal after he was resentenced on June 15, 2001. As a result, the Court finds that Mr. Wilson's conviction became final on July 30, 2001. The Court also finds that the one-year limitation period began to run on July 30, 2001, because Mr. Wilson does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final. Therefore, Mr. Wilson had until July 30, 2002, to file a federal habeas corpus application in this Court, absent a reason to toll the one-year limitation period during the pendency of a properly filed motion for postconviction relief.

The one-year limitation period was not tolled during the fourteen days the Colo. R. Crim. P. 35(b) motion for sentence reconsideration was pending in the trial court from November 21, 2001, until December 4, 2001, because the motion was filed more than 120 days after Mr. Wilson was resentenced. *See* Colo. R. Crim. P. 35(b).

Therefore, the motion was not properly filed pursuant to 28 U.S.C. § 2244(d)(2), despite the fact that the state court considered the Rule 35(b) motion on the merits. **See Gibson v. Klinger**, 232 F.3d 799, 805-06 (10th Cir. 2000); see also **Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000). Likewise, Mr. Wilson's amended motion filed on February 6, 2002, and the letters to the trial court did not toll the one-year limitations period because they, too, were untimely under Colo. R. Crim. P. 35(b). A motion to reconsider the denial of a Colo. R. Crim. P. 35(b) motion constitutes a second Colo. R. Crim. P. 35(b) motion, and does not toll the one-year limitation period if untimely filed. **See Robinson v. Golder**, 443 F.3d 718, 721-22 (10th Cir. 2006). In addition, the trial court noted in its August 28, 2002, letter that it refused to reach the merits of the motion.

Therefore, the one-year limitation period expired on July 30, 2002, before Mr. Wilson filed his Colo. R. Crim. P. 35(c) motion for postconviction relief in the trial court on April 14, 2003. Because the Colo. R. Crim. P. 35(c) motion was filed after the one-year limitation period expired, it did not toll the limitation period.

Even if the Colo. R. Crim. P. 35(b) motion filed on November 21, 2001, had been properly filed, the application still would be time barred. The motion would have tolled the one-year limitation period from November 21, 2001, when it was filed, until January 18, 2002, when the 45 days expired for appealing from the trial court's December 4, 2001, denial of the motion. **See** Colo. R. App. P. 4(b). Mr. Wilson's amended motion and letters to the trial court would not have tolled the limitation period because they were untimely under Colo. R. Crim. P. 35(b).

However, the 114 days from July 30, 2001, when the limitation period began to run, until November 21, 2001, when the Colo. R. Crim. P. 35(b) motion was filed, would have counted against the limitation period. Likewise, the period of 449 days from January 19, 2002, the day after the time expired for appealing from the denial of the Colo. R. Crim. P. 35(b) motion, until April 14, 2003, when Mr. Wilson filed his original motion pursuant to Colo. R. Crim. P. 35(c), would not have counted against the limitation period. Finally, the 32 days from March 17, 2008, when the Colorado Supreme Court denied certiorari review of the Colo. R. Crim. P. 35(c) motion until April 18, 2008, when the instant application was submitted to this Court, would not have counted against the limitation period. Therefore, 595 days would have counted against the one-year limitation period. The instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Wilson bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Wilson fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Wilson fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 8 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00884-BNB

Steven R. Wilson
Prisoner No. 100594
Fremont Corr. Facility
PO Box 999 - Unit 2C
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk